UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO HIDALGO,

                         Plaintiffs,

      -v-

CITY OF NEW YORK; New York City Police Department ("NYPD") Sergeant JOHN DOE 1; NYPD Police Officers ("P.O.") JOHN DOE's 2 through 10; New York City Department of Correction Officers ("C.O.") JOHN DOE's 11 through 13; C.O. JANE DOE 14; The names John and Jane Doe being fictitious, as the true names and shield numbers are presently unknown), In their individual and official capacities,

                         Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

13-CV-5938

      Plaintiff JULIO HIDALGO, through his attorney Jane L. Moisan of Rankin & Taylor, PLLC, as and for his complaint alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, <u>as amended</u>, codified as 42 U.S.C. § 1983; and pendant claims under the Constitution and the laws of the State of New York.

2. Plaintiff JULIO HIDALGO's rights were violated when officers of the New York City Police Department ("NYPD") conducted a "warrant sweep" in order to interrogate individuals on an unrelated crime and in the course of that sweep arrested plaintiff JULIO HIDALGO on a warrant for outstanding court fees in order to interrogate him at a precinct office on an unrelated crime. In concert with officers of the New York Department of Corrections

("NYCDOC"), and on the instruction of an NYPD Sergeant, plaintiff JULIO HIDALGO was then unreasonably and excessively detained for approximately five days in retaliation for failing to provide the answers sought by the NYPD.

3. Plaintiff JULIO HIDALGO seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff JULIO HIDALGO's claim arose in the County of Bronx, within the confines of this judicial district.

6. Pursuant to New York State General Obligations Law § 50-E, plaintiff JULIO HIDALGO filed a timely Notice of Claim with the New York City Comptroller on or about August 22, 2012. On June 17, 2013, Mr. HIDALGO appeared for a hearing, pursuant to Section 50-i of the General Municipal Law. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

7. This Court has supplemental jurisdiction over plaintiff's claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

9. Plaintiff JULIO HIDALGO ("Mr. HIDALGO") is and was at all times relevant to this action a resident of the County of Bronx in the State of New York.

10. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. It is authorized by law to maintain a police department and a department of corrections, which act as its agents in the area of law enforcement and detention, and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and corrections, and the employment of police and correctional officers, as said risks attach to the public consumers of the services provided by the NYPD and NYCDOC. At all times relevant, it was the employer of defendants JOHN DOE's 1 though 14.

11. Defendants Sergeant JOHN DOE 1 ("SGT. DOE") and NYPD Police Officers ("P.O.") JOHN DOE's 2 through 8 (the name "John Doe" being fictitious, as the true names and shield numbers are not presently known) (collectively referred to herein as "P.O. defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD. The individual NYPD defendants are being sued herein in their individual.

12. Defendants NYCDOC Corrections Officers ("C.O.") JOHN DOE's 11 through 13 and defendant NYCDOC C.O. JANE DOE 14 (the names John and Jane Doe being fictitious, as the true names are not presently known) (collectively referred to as "C.O. defendants") are and were at all times relevant herein, officers, employees and agents of the NYCDOC. The individual NYCDOC defendants are being sued herein in their individual and official capacities.

3

13. The true names of defendants DOE's 1 through 14 are currently unknown to Mr. HIDALGO. However, all of said defendants are, or were, employees or agents of the NYPD or NYCDOC. Accordingly, said defendants are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Mr. HIDALGO intends to name said officers as defendants in an amended pleading once the true names of said defendants becomes known to Mr. HIDALGO and (b) that the Law Department should immediately begin preparing their defense in this action.

14. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD or NYCDOC, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD or NYCDOC at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD or NYCDOC and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD or NYCDOC.

15. The acts of the individual defendants hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. HIDALGO's rights.

16. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

**STATEMENT OF FACTS**

17. The events that give rise to this lawsuit occurred primarily on May 24, 2012 at approximately 6:00 a.m. and thereafter at plaintiff's home at 1551 Shakespeare Avenue, Apartment 5J, Bronx, New York in the County of the Bronx.

18. At approximately the above date and location, Mr. HIDALGO was awoken by the presence of defendants P.O.'s JOHN DOE's 2 through 8 inside his home.

19. The P.O. defendants told Mr. HIDALGO there was a warrant for his arrest. Mr. HIDALDGO was then taken from his home and placed in a police van while the police drove around picking up other individuals accused of having open warrants.

20. Finally, Mr. HIDALGO was transported to the NYPD Office of the 46th Precinct ("46th Precinct.")

21. At the 46th Precinct, defendant SGT. DOE interrogated Mr. HIDALGO on an entirely unrelated matter. Defendant SGT. DOE told Mr. HIDALGO, in sum and substance, that if he helped the police by giving them information on this unrelated matter, he would be released that night. Defendant SGT. DOE threatened Mr. HIDALGO if he did not help the police he would not be released until Tuesday, May 29, 2012.

22. Upon information and belief, Mr. HIDALGO was held at the 46th Precinct for approximately 15 hours.

23. Upon information and belief, that evening, or at approximately 10:00 p.m., defendants DOE's 9 and 10 transported to Mr. HIDALGO to Bronx Central Booking.

24. Approximately an hour and a half later, defendants DOE's 9 and 10 took Mr. HIDALGO from Bronx Central Booking, aware that he had not seen a judge or an attorney, and placed him back into the van he arrived in and transported Mr. HIDALGO to Vernon C. Bain

Correctional Center, commonly known as "The Boat," an NYCDOC facility located approximately 2 hours distance from Bronx Criminal Court for the purpose of incarcerating pre-trial detainees.

25. Upon arrival at the Vernon C. Bain Correctional Center, defendants C.O. DOE's 11 through 13 processed Mr. HIDALGO and were aware he had not yet seen a judge. They refused Mr. HIDALGO's requests for legal assistance or a phone call, and failed to take steps necessary to provide Mr. HIDALGO access to a judge or probable cause hearing.

26. Without having been charged or given a probable cause hearing, Mr. HIDLAGO was subjected to an unlawful search, including being forced to strip naked and subjected to a visual "squat and cough" search.

27. Upon information and belief, on Friday, May 25, 2012, Mr. HIDALGO was transported from the Vernon C. Bain Correctional Center back to Bronx Central Booking.

28. Mr. HIDALGO was held at the Bronx Central Booking for approximately half a day.

29. Without having seen a judge or even having been transferred to Bronx Criminal Court, defendant C.O. JANE DOE 14, aware of this, informed Mr. HIDALGO he would return to Vernon C. Bains Correctional Center, would not be able to see a judge that day, and he would not see a judge until Tuesday, May 29, 2012.

30. Mr. HIDALGO was then transported back to Vernon C. Bain Correction Center, where he was held until Tuesday, May 29, 2012.

31. Upon information and belief, on Tuesday, May 29, 2012, Mr. HIDALGO was transported again to Bronx Central Booking and finally to Bronx Criminal Court.

32. Mr. HIDALGO saw a judge, who released him at approximately 11:00 p.m.

33. Pursuant to the laws of the State of New York, Mr. HIDALGO should have been arraigned within 24 hours of his arrest. Yet, Mr. HIDALGO was arraigned on Tuesday, May 29, 2012, approximately 5 days after his arrest.

34. As a result of defendants' conduct, Mr. HIDALGO has suffered physical and mental pain, suffering and mental anguish.

## FIRST CLAIM
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
**(*Against All Defendants*)**

35. Mr. HIDALGO incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. On May 24, 2012, Mr. HIDALGO was arrested and brought to the 46th Precinct, and transported back and forth between Bronx Central Booking and the Vernon C. Bains Correctional Facility. Through no fault of his own, he was not arraigned until May 29, 2012. As a result of defendant's conduct, Mr. HIDALGO was detained, and at all times he knew he was detained. Moreover, Mr. HIDALGO did not consent to his confinement.

37. Defendants caused Mr. HIDALGO to be falsely arrested, illegally and <u>ab initio</u>, by unnecessarily prolonging his detention prior to an arraignment.

38. Upon information and belief, no legitimate basis existed for the delay attributable to Mr. HIDLAGO's arraignment.

39. Further, Mr. HIDALGO was subjected to unreasonable physical searches.

40. The individual defendants, under color of state law, subjected Mr. HIDALGO to the foregoing acts and omissions, thereby depriving Mr. HIDALGO of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including but not at all limited to deprivation of the following constitutional

rights: (a) freedom from unreasonable seizure of his person, including excessive detention and unreasonable search without probable cause, and (b) freedom from deprivation of liberty without due process of law.

41. The individual defendants' deprivation of Mr. HIDALGO's constitutional rights resulted in the injuries and damages set forth above.

### SECOND CLAIM
### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (*Against Defendant Sergeant JOHN DOE 1*)

42. Mr. HIDALGO incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. By failing to remedy the wrongs committed by his subordinates, in failing to properly train, screen, supervise, or discipline his or her subordinates, and by personally participating in the constitutional injuries set forth above, defendant SGT. DOE caused damage and injury in violation of Mr. HIDALGO's rights guaranteed under the United States Constitution, including its Fourth and Fourteenth Amendments, through 42 U.S.C. §1983.

44. As a result of the foregoing, Mr. HIDALGO was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM
### FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. § 1983
### (*Against Defendants DOE's 2 through 14*)

45. Mr. HIDALGO incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency engaged in unlawful detention.

47. Defendants were present for the above-described incident and witnessed other defendants, unlawfully and unreasonably cause the plaintiff to be excessively and unnecessarily detained and denied access to a judge, lawyer, or even phone call.

48. The length of Mr. HIDALGO's pre-arraignment detention was obviously excessive and unjustified under the circumstances, yet defendants failed to take any action or make any effort to intervene, halt or protect the Mr. HIDALGO from being denied access to an arraignment judge.

49. Defendants' violations of Mr. HIDALGO's constitutional rights by failing to intervene in other defendants' clearly unconstitutional detention resulted in the injuries and damages set forth above.

**FOURTH CLAIM**
**VIOLATIONS OF THE CONSTITUTION OF THE STATE OF NEW YORK**
(*Against All Defendants*)

50. Mr. HIDALGO incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. On May 24, 2012, Mr. HIDALGO was arrested and brought to the 46th Precinct, and transported back and forth between Bronx Central Booking and the Vernon C. Bains Correctional Facility. Through no fault of his own, he was not arraigned until May 29, 2012. As a result of defendant's conduct, Mr. HIDALGO was detained, and at all times he knew he was detained. Moreover, Mr. Prince did not consent to his confinement.

52. Defendants caused Mr. HIDALGO to be falsely arrested, illegally and <u>ab initio</u>, by unnecessarily prolonging his detention prior to an arraignment.

53. Upon information and belief, no legitimate basis existed for the delay attributable to Mr. HIDLAGO's arraignment.

54. Further, Mr. HIDALGO was subjected to unreasonable physical searches.

55. Defendants' conduct alleged herein breached the protections guaranteed to Mr. HIDALGO by the New York State Constitution, Article I, §§ 6, 11 and 12, including the following rights: (a) freedom from discrimination in civil rights, (b) freedom from deprivation of liberty without due process of law, and (c) unreasonable search and seizure of his person, including excessive detention.

56. Defendants' deprivation of Mr. HIDALGO's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FIFTH CLAIM
## FALSE ARREST, IMPRISONMENT AND EXCESSIVE DETENTION
## UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against All Defendants*)

57. Mr. HIDALGO incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58. On May 24, 2012, Mr. HIDALGO was arrested and brought to the 46th Precinct, and transported back and forth between Bronx Central Booking and the Vernon C. Bains Correctional Facility. Through no fault of his own, he was not arraigned until May 29, 2012. As a result of defendant's conduct, Mr. HIDALGO was detained, and at all times he knew he was detained. Moreover, Mr. Prince did not consent to his confinement.

59. Defendants caused Mr. HIDALGO to be falsely arrested, illegally and <u>ab initio</u>, by unnecessarily prolonging his detention prior to an arraignment.

60. Upon information and belief, no legitimate basis existed for the delay attributable to Mr. HIDLAGO's arraignment.

61. The conduct of the individual defendants alleged herein occurred while he or she was on duty and in uniform, and/or in and during the course and scope of his or her duties and functions as NYPD or NYCDOC officers, and/or while he or she was acting as an agent and employee of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Mr. HIDALGO pursuant to the state common law doctrine of respondeat superior.

62. As a result of the delay in his arraignment, Mr. HIDALGO was deprived of his liberty, suffered psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

63. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64. Defendant City is responsible for the injuries Mr. HIDALGO suffered, and continues to suffer, as a result of the delay in his arraignment pursuant to the doctrine of respondeat superior.

## SIXTH CLAIM
## NEGLIGENCE
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
(*Against All Defendants*)

65. Mr. HIDALGO incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

66. Defendant SGT DOE, in concert with defendants DOE's 2 through 14 threatened Mr. HIDALGO that if he did not adequately answer their questions, he would remain in custody

for 5 days, and then without any legal basis or authority to do so, detained him for 5 days, in violation of state and federal laws.

67. Defendants owed Mr. HIDALGO a duty of care to ensure he be free from excessive detention and false arrest, and to ensure the processing of his arrest occurred in such a manner as comports with the laws of the State of New York. The acts and conduct of the defendants breeched their duty of care to Mr. HIDALGO.

68. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the Mr. HIDALGO, when inter alia, defendants arrested him and caused unnecessary delay in arraigning him.

69. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### SEVENTH CLAIM
### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against All Defendants*)

71. Mr. HIDALGO incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72. Defendant SGT DOE, in concert with defendants DOE's 2 through 14 threatened Mr. HIDALGO that if he did not adequately answer their questions, he would remain in custody for 5 days, and then without any legal basis or authority to do so, detained him for 5 days, in violation of state and federal laws. By the actions described above, defendants' conduct

intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73. As a result of the foregoing, Mr. HIDALGO was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

74. Mr. HIDALGO demands a trial by jury in this action on each and every one of his damage claims.

   **WHEREFORE**, Mr. HIDALGO demands judgment against the defendants individually and jointly and prays for relief as follows:

   a.   That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

   b.   That he be awarded punitive damages against the individual defendants; and

   c.   That he be compensated for attorneys' fees and the costs and disbursements of this action; and

   d.   For such other further and different relief as to the Court may seem just and proper.

Dated:       New York, New York
             August 21, 2013

                                              Respectfully submitted,


                                                    /s/
                                      By:    _____
                                              Jane L. Moisan
                                              Rankin & Taylor, PLLC

*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
f: 212-658-9480
e: Jane@DRMTLaw.com